**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 04-CR-0021-003-CVE |
| v. ) | |
| ) | USM Number: 23195-009 |
| **EDD TAWON PAYNE,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 141), arguing ineffective assistance of counsel and application of retroactive Amendment 599. In December 2005 defendant pleaded guilty to Counts Two and Three of a four-count indictment. Counts Two and Three charged Interfering with Interstate Commerce and Aiding and Abetting, in violation of 18 U.S.C. §§ 1951(a) and 2, and Brandishing and Carrying a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting, contrary to 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, respectively. In March 2006 the Court sentenced defendant to a term of imprisonment of 57 months as to Count Two and 84 months as to Count Three, with the term imposed in Count Three to run consecutively to the sentence in Count Two. The Court thus imposed a total sentence of 141 months as to both counts. Defendant moves under § 3582(c), arguing that application of Amendment 599 will reduce his sentence. Defendant contends the Court erred by enhancing his sentence for using and brandishing a firearm when such enhancement is barred by Amendment 599 for defendants also convicted of a § 924(c) violation. Defendant further claims that

his counsel was ineffective for not objecting to this firearms enhancement and by not arguing insufficiency of the § 924(c) allegation.

Defendant attempts to invoke 18 U.S.C. § 3582(c)(2), which grants a district court authority to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that the United States Sentencing Commission has subsequently lowered.  A § 3582(c)(2) motion is a continuation of the prior criminal proceeding, but it is limited to the narrow sentencing issues prescribed in § 3582(c)(2).  See United States v. Verners, 136 Fed. Appx. 142, 144-45 (10th Cir. 2005). Section 3582(c)(2) cannot be used to create a new vehicle for a collateral attack on a conviction. Id. at 145.  Accordingly, the Court does not have jurisdiction to hear defendant's arguments as to ineffective assistance of counsel. See United States v. Smartt, 129 F.3d 539, 542-43 (10th Cir.1997) (no jurisdiction under § 3582(c) to consider collateral sentencing issues including probation department errors, applicability of other statutory sentencing provisions, and ineffective assistance of counsel; such arguments must be made under 28 U.S.C. § 2255).

Defendant's guidelines were calculated under the 2005 version of the Guidelines Manual (see PSR, ¶ 33).  The presentence report was prepared and defendant was sentenced after Amendment 599 became effective on November 1, 2000. Defendant was sentenced well after the effective date of the amendment.  The changes promulgated by Amendment 599 were incorporated in application of the guidelines and considered by the Court at the original sentencing.  Defendant was not sentenced to a term of imprisonment subsequently lowered by the Sentencing Commission, as would warrant application of a retroactive amendment allowing modification of sentence.  See United States v. Herrera-Garcia, 422 F.3d 1202 (10th Cir. 2005) (holding defendant sentenced after an effective date of amendment cannot argue that he was sentenced to a term of imprisonment that

2

has subsequently been lowered by the Sentencing Commission). Section 3582(c)(2) is not applicable. To the extent defendant's motion might be construed to argue that the Court erred in its application of the guidelines, he requests relief not afforded by the statute invoked.

Retroactive Amendment 599 clarified under what circumstances defendants sentenced for violation of 18 U.S.C. § 924(c) in conjunction with other offenses may receive weapon enhancements for those other offenses. The amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the § 924(c) conviction, nor any conduct falling within § 1B1.3 (Relevant Conduct). In application of the guidelines for Counts Two[1] the Court did not apply a weapon use or brandishing enhancement as set out in § 2B1.3(b)(2). The Court found the base offense level to be level 20 pursuant to USSG § 2B3.1. The Court enhanced the base level by two levels under § 2B3.1(b)(4)(B) for restraint of victims by use of a firearm; one level pursuant to § 2B3.1(b)(6) for the taking of firearms, as this was the object of the offense; and one level under § 2B3.1(b)(7)(B) because the loss caused by the robbery exceeded $10,000. See PSR, ¶¶ 34 - 37. The weapon use enhancements for discharging, using, brandishing, or threatening death found in § 2B3.1(b)(2) were not considered by the Court because defendant had a trailing § 924(c) conviction and USSG § 2K2.4, comment. (n.2) directs that under such circumstances no enhancement for weapons uses shall apply. See also United States v. Blake, 59 F.3d 138, 139-40 (10th Cir. 1995).

The § 2B3.1(b)(4)(B) enhancement for restraint of victims by use of a firearm, and the § 2B3.1(b)(6) increase for taking of firearms during a robbery are outside the § 2K2.4 prohibition for

---

[1] Count Three, alleging violation of 18 U.S.C. § 924(c), is insulated from guideline enhancement application because the sentence is the minimum term provided by statute. USSG § 2K2.4(b), comment. (n.1).

3

enhancing weapon use. Thus these sentence increases do not constitute "double counting" and are permissible enhancements. The Tenth Circuit has considered whether "double counting" occurs when a defendant receives a sentence under § 924(c) and at the same time his underlying sentence is enhanced under the robbery guideline for both restraint with a firearm and taking a firearm. In United States v. Pearson, 211 F.3d 524 (10th Cir. 2000), the Circuit found "physical restraint with a gun is conduct distinct from . . . [using,] brandishing, display, or possession of a gun." Id. at 526. "Something more must be done with the gun to physically restrain [the victim.]" Id. at 526-27. Because § 2K2.4 enumerates using, possessing, brandishing, and discharging – but not physically restraining – the Circuit concluded the Sentencing Commission did not intend to exclude the § 2B3.1(b)(4)(B) enhancement when a defendant was also convicted under § 924(c). Id. at 527. Defendant did more that use or brandish a firearm, he pointed the weapon at victims and forced them to lie on the floor, thereby restricting their movement and restraining the victims. The Court properly enhanced defendant's sentence under § 2B3.1(b)(4)(B). Moreover, in United States v. Rojas, 531 F.3d 1203, 1207-08 (10th Cir. 2008), the Circuit found that § 2B3.1(b)(6) involves conduct that is distinct from using, possessing, brandishing, or discharging a gun. The enhancement applies when the firearm is the object of the offense or is taken from the victim. One may steal a weapon without using it just as one may use a weapon that is not stolen. The harm punished in § 2B3.1(b)(6) is "conceptually separate" from using, possessing, brandishing, or discharging a weapon. Id. at 1208. Defendant not only used a firearm in the commission of a robbery, but also stole weapons. Application of § 2B1.3(b)(6) is therefore proper.

A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. USSG § 1B1.10(a)(2)(B). As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir.1996).

**IT IS THEREFORE ORDERED** that defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 141), is **dismissed for lack of jurisdiction**.

**DATED** this 14th day of January, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT