**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CR-0021-003-CVE |
| ) | (18-CV-0625-CVE-JFJ) |
| EDD TAWON PAYNE, ) | |
| a/k/a Pizza Face, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. # 200). Defendant violated his conditions of supervised release, and he was sentenced to a term of imprisonment. Dkt. ## 197, 199. He claims that his sentence for violations of conditions of supervised release exceeded the maximum authorized sentence, and he asks the Court to reduce his sentence to 24 months imprisonment. Dkt. # 200. The Court has reviewed defendant's § 2255 motion and finds that it is unnecessary for plaintiff to file a response.

On December 17, 2003, a magistrate judge signed a complaint charging defendant with aiding and abetting a robbery in violation of 18 U.S.C. § 1951 (Hobbs Act). Dkt. # 1. Defendant was arrested in Arkansas and brought to this Court under Fed. R. Crim. P. 5. At defendant's initial appearance, counsel was appointed to represent defendant, and defense counsel filed a motion for a competency determination shortly after the initial appearance. Dkt. ## 2, 4. While defendant was awaiting a competency evaluation, a grand jury returned an indictment charging Eugene Green, Darvell Sherrod Green, and defendant with conspiracy to commit Hobbs Act robbery (count one), Hobbs Act robbery (count two), carrying and brandishing a firearm during and relation to a crime

of violence (count three), and conspiracy to commit an offense against the United States (count four). Dkt. # 14. On June 4, 2004, the Court entered an order finding that defendant was suffering from a mental disease or defect rendering him incompetent to stand trial, and he was remanded to custody of the United States Attorney General until he was restored to competency. Dkt. # 50.

After more than a year of treatment, the Court held a competency hearing on September 7, 2005 and found that defendant was competent to stand trial. Dkt. ## 102, 104. On December 27, 2005, defendant appeared before the Court and changed his plea to guilty as to counts two and three of the indictment. The Court sentenced defendant to a term of 57 months imprisonment as to count two and 84 months as to count three, and the sentences were ordered to run consecutively to one another. Dkt. # 129. This resulted in a total term of imprisonment of 141 months. The Court imposed a three year term of supervised release as to count two and five years as to count three, and the terms of supervised release were to run concurrently. Id.

Defendant served his term of imprisonment and was released, and he was placed under the supervision of the United States Probation Office. On January 3, 2016, defendant was arrested by the Tulsa Police Department (TPD) for possession of an air pistol and possession of a cellular phone while in jail. Dkt. # 151. Defendant was not immediately taken into federal custody after a warrant was issued for his violations of his conditions of supervised release, and he did not make an initial appearance as to the alleged violations until August 25, 2016. On August 30, 2016, defendant appeared before the undersigned and stipulated that he possessed a cellular phone in the county jail and had used methamphetamine. Dkt. # 164. The Court sentenced defendant to six months imprisonment as to counts two and three for violating his conditions of release, each sentence to run

concurrently, and the Court imposed thirty month terms of supervised release as to each count following defendant's release. Dkt. # 170.

Defendant served his six month term of imprisonment and was released. On August 17, 2017, defendant and his girlfriend robbed a bank and were arrested by the TPD on a charge of armed robbery. Dkt. # 175, at 12. The probation office filed a petition for warrant that also identified other violations of defendant's conditions of supervised release, and a warrant was issued for defendant's arrest. Dkt. ## 175, 176. On November 29, 2017, defendant was arrested and made his initial appearance as to the alleged violations of his conditions of supervised release. Defendant stipulated to the violations without admitting his guilt to the bank robbery. Dkt # 194. Defendant was also charged in a separate criminal case with bank robbery. United States of America v. Edd Tawon Payne and Manuel Peter Britto, III, 17-CR-140-CVE (N.D. Okla.). Defendant pled guilty to the charge of bank robbery and he was sentenced to 46 months imprisonment for that crime. As to defendant's supervised release violations, the Court also sentenced defendant to 24 months imprisonment and 40 months imprisonment on counts two and three respectively, and these terms of imprisonment were ordered to run concurrently with each other. However, the sentence for the violations of supervised release was ordered to run consecutively to the 46 month sentence imposed for the substantive offense.

Defendant argues that his sentence for violations of his conditions of supervised release exceeds the maximum sentence that could be imposed, and he seeks relief under § 2255. Defendant did not file a direct appeal challenging the revocation sentencing and his revocation sentence became final on December 10, 2018 when his deadline to file an appeal expired. United States v. Loiseau, 2018 WL 2124092 (E.D. Va. May 8, 2018) (explaining timeliness of § 2255 motions challenging

a revocation sentence). The Court finds that defendant's § 2255 motion was filed within one year of the date his revocation sentence became final, and his motion is timely under § 2255(f)(1). Defendant has not previously filed a § 2255 motion and there is no concern that defendant's current motion could be treated as a second or successive § 2255 motion.

Defendant claims that he was serving 30 months of supervised release as to counts two and three, and he argues that he already served a six month term of imprisonment for violations of his conditions of supervised release. Dkt. # 200, at 1. Defendant claims that he could not be sentenced to more than 24 months imprisonment for any subsequent violations of his conditions of supervised release. Id. Defendant's motion is based on an inaccurate assessment of his sentence and a misunderstanding of the applicable law. Defendant's original sentence included a 3 year term of supervised release as to count two and a 5 year term of supervised release as to count three. After defendant violated his conditions of supervised release, he was sentenced to six months imprisonment, and 30 month terms of supervised release were re-imposed as to counts two and three. Dkt. # 170. Defendant did not challenge this sentence by means of a direct appeal or § 2255 motion, and any attempt to do so now would be untimely. Defendant served his six month term of imprisonment and was again placed on supervised release for terms of 30 months concurrent as to counts two and three, and defendant committed a bank robbery after he was released from his six month imprisonment. Count three of the indictment carries a maximum penalty of life imprisonment and is classified as a class A felony under 18 U.S.C. § 3559 and, as a statutory matter, defendant may be sentenced to up to 5 years imprisonment for a violation of his conditions of release as to count three. 18 U.S.C. § 3583(e)(3). Bank robbery is a federal and state offense for which he can be punished by a term of imprisonment exceeding one year, and this is a grade A violation of his

conditions of supervised release. United States Sentencing Guidelines § 7B1.1. Defendant received a sentence of 24 months imprisonment as to count two and 40 months as to count three. Dkt. # 199. These sentences were ordered to run concurrently with each other and consecutively to the sentence imposed in Case No. 17-CR-140-CVE. No term of supervised release was re-imposed in this case. Dkt. ## 197, 199.

It appears that defendant believes that any term of imprisonment for violations of conditions of supervised release cannot exceed the maximum term of supervised release that can re-imposed following a term of imprisonment on a revocation sentencing. Dkt. # 200, at 1. This argument represents a fundamental misunderstanding of the applicable law: he is confusing terms of imprisonment with terms of supervised release. There is an aggregation requirement as to the term of supervised release that may be imposed following a revocation sentencing, and "the amount of supervised release a district court can impose as part of any revocation sentence is limited to 'the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release*.'" United States v. Hernandez, 655 F.3d 1193, 1198 (10th Cir. 2011) (citng 18 U.S.C. § 3583(h)). However, each violation of conditions of supervised release is treated as a separate "breach of trust," and the sentencing judge may impose a term of imprisonment up to the maximum authorized in § 3583(e)(3) for each violation. United States v. Porter, 905 F.3d 1175, 1182 (10th Cir. 2018). Defendant received a sentence of imprisonment of 40 months as to count three for a grade A violation of his conditions of supervised release, and this is less than the 60 month statutory maximum authorized under § 3583(e)(3). This sentence is also within the applicable advisory guideline range under the sentencing guidelines. Defendant would have a legitimate argument if the

Court had re-imposed a term of supervised release following his 40 month revocation sentence of imprisonment, but no term of supervised release was re-imposed in this case. The Court finds no error with the sentence imposed upon revocation of defendant's supervised release for a second time, and his § 2255 motion is denied.

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. # 200) is **denied**. A separate judgment is entered herewith.

**DATED** this 17th day of May, 2019.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE